CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHY McNEW BYRNES, | Civil Action No. 7:05-CV-00017 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

Kathy McNew Byrnes has filed this action challenging the final decision of the Commissioner of Social Security denying her claim for disability insurance and supplemental security income benefits under § 223 of Title II and § 1602 of Title XVI of the Social Security Act (the Act). 42 U.S.C. §§ 423 and 1381a. Jurisdiction of this Court is pursuant to §§ 205(g) and 1631(c)(3) of the amended Act. 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have agreed to the dismissal of this action without prejudice to the filing of a new request that seeks to reopen, or extend the deadline for appealing, plaintiff's 1989 application, as indicated herein.

Plaintiff filed an application for disability insurance and supplemental security income benefits on August 21, 1989 (Tr. 111), and again on January 10, 2000.[1] Plaintiff's 1989 application was denied and not appealed. Plaintiff's 2000 claim was denied initially and on reconsideration, and a hearing was held before an administrative law judge on October 29, 2001.

---

[1] Plaintiff also filed two other applications, one in 1984 and one in 1995. (Tr. 108). Neither of those applications currently is at issue.

The law judge denied the claim, but the Appeals Council remanded on April 25, 2003, for further consideration of a psychological evaluation upon which the law judge relied in ruling, but which was not given to plaintiff for review. (Tr. 73). Plaintiff's counsel sent the law judge a prehearing memorandum on August 24, 2003. (Tr. 88). The first sentence of the memorandum asserts plaintiff's position that she "is disabled and entitled to reopen her 1989 Application." (Tr. 88). In the recapitulation of the argument, plaintiff's counsel asserts that "Based primarily upon such two 'new and material' exhibits, this most severely limited lady may reopen her 1989 application." (Tr. 93).

Plaintiff asserts that on September 2, 2003, the law judge's clerk called counsel and advised that the law judge was prepared to rule on the record. (R. 536). Counsel asked whether the law judge would rule back to 1989 and thus reopen the earlier application as requested in the prehearing memorandum. (R. 536). Plaintiff asserts that counsel was advised that the law judge was so prepared to rule, and counsel therefore agreed to accept an on the record decision awarding such benefits. (R. 536). Upon finding from the written decision that benefits would be awarded only back to 1997, counsel wrote a letter to the law judge requesting that he revise the opinion pursuant to the earlier confirmation counsel asserted he had received from the law judge's office. (R. 536-537).[2] When the law judge refused, an appeal to the Appeals Council and ultimately to this Court, ensued.

At oral argument of this case on August 26, 2005, counsel for the parties argued whether the issue of reopening plaintiff's earlier applications was properly before this Court. Plaintiff

---

[2] Counsel's communications with the law judge's office also are documented in his December 5, 2003 letter to the Appeals Council, which contains a copy of counsel's notes posted to counsel's in-house electronic file on this case, which reflect a series of telephone calls between counsel and the Office of Hearings and Appeals. (R. 532-535).

argued that plaintiff's previous counsel had not waived the issue of whether plaintiff's application could be reopened based on plaintiff's mental incapacity of record. Plaintiff conceded, however, that because the law judge had not addressed the issue of reopening in his decision, it is not possible for this Court to rule on the question of whether that aspect of the decision was supported by substantial evidence.

Accordingly, the parties agreed that this case shall be dismissed from the docket without prejudice to the plaintiff's filing of a new request seeking to reopen, or extend the time for appeal of, the denial of plaintiff's 1989 application.[3] Plaintiff shall be allowed in that new request to present new evidence in support of that new request.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 20th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[3] SSR 91-5p, as defendant concedes in her *Brief* at page 3, directs that where a plaintiff, who had no one legally responsible for prosecuting the claim on her behalf after the time of the prior adverse action, alleges mental impairment as the basis for failure to timely appeal an adverse decision, the question is whether or not good cause exists for *extending the time for appeal of the prior denial*, as opposed to whether good cause exists for *reopening and revising the prior application for benefits*.